## ALEXANDER WOOD

### *vs.*

## NATHAN MYRICK.

The statute of limitations does not begin to run against an action brought upon *the bond* of an executor or administrator under *ch.* 55, *Gen. Stat.*, by a creditor or person as next of kin, until permission is granted to such person to bring such action.

*Sec.* 8 *of ch.* 56 *Gen. Stat.*, so far as it requires that notice shall be

Wood v. Myrick.

given to all persons interested, &c., before any partition is ordered as directed in that chapter, embraces and applies to the decree of the probate court, authorized by *sec.* 4 of the same chapter.

A decree assigning the residue of an estate as provided in *sec* 4 *of ch.* 56, *Gen. Stat.*, if the notice required by *sec.* 8 of the same chapter has not been first given is void for want of jurisdiction; and when such decree is pleaded in the manner provided by *sec.* 91 *ch.* 66 *Gen. Stat.*, the want of such notice may be set up in the answer as a defence.

The decree of the probate court under *sec.* 4 *of ch.* 56 *of the Gen-Stat.* cannot be attacked collaterally; a defence going to establish error in the decree, but conceding the jurisdiction of the court to make the decree, is demurrable.

In an action upon the bond of an administrator brought by a creditor of the estate under *sec.* 2 *of ch.* 55 *of the Gen. Stat.*, the plaintiff can only embrace in the complaint claims which have been ascertained and directed by the decree of distribution to be paid; and it is a good defence, *pro tanto*, in an action on such bond, that one of several claims in favor of a creditor plaintiff was not presented to the proper probate court, and that such court has never directed or ordered its payment.

This is an appeal by defendant from an order of the district court for Blue Earth county, sustaining a demurrer to the answer. It is impossible to give a fuller statement of the case, than is contained in the opinion of the court, without using more space than the importance of the case would justify.

DANIEL BUCK for Appellant.

BROWN & WISWELL for Respondent.

*By the Court*—McMILLAN, J.—This is an action brought by Alexander Wood, the plaintiff, against Nathan Myrick, Isaac Marks and Andrew Hanna, defendants, upon the bond of Myrick as administrator of the estate of William Wood, deceased, in which Marks and Hanna are sureties.

Wood v. Myrick.

The plaintiff demurred to certain portions of the separate answer of Myrick and Hanna, on the ground that such portions respectively did not state facts sufficient to constitute a defence, and replied to certain other portions of the answer.

The demurrer, as to each portion to which it applied, was sustained, and defendant Myrick appealed to this court.

The state of the pleadings, so far as the answer and reply embracing the demurrer are concerned, is so defective, that it is not without much difficulty any intelligent consideration can be given to several of the questions involved in the case, we proceed, however, to dispose of these questions as we are able to gather them from the confused state of the pleadings.

The first portion of the answer demurred to is that which attempts to set up the statute of limitations, referred to in the demurrer as the third paragraph.

This defence evidently refers to that portion of the complaint which sets up that by the order and decree of the probate court, certain sums specified were ascertained to be due and owing from the estate to certain creditors named and were directed by the court to be paid by Myrick, the administrator, out of the assets of the estate in his hands, and that certain of said creditors assigned their claims to the plaintiff, &c.

The theory of this defence is, that the cause of action for such claims arose upon the making of the decree of payment by the probate court, which the answer alleges was on the 8th of February, 1862.

By sec. 2 of ch. 55. Gen. Stat., it is enacted that "An action may be brought on the bond of any executor or administrator by any creditor, where the amount due to him has been ascertained and ordered by the decree of distribu-

tion to be paid, if the executor or administrator neglects to pay the same when demanded." Section 6 of the same chapter provides that; " On the application of any person authorized by this chapter to commence an action on such bond, the judge of probate may grant permission to such person to prosecute the same, and shall thereupon furnish to the applicant, on his paying the legal fee, a certified copy of the bond, together with a certificate that permission has been granted to prosecute it, and the name and residence of the applicant."

The action in this instance, so far at least as this cause of action is concerned, is not brought upon the decree, but upon the bond of the administrator.

The bond runs to the judge of probate, and in the absence of other statutory provision, an action upon the bond would be brought in the name of the judge of probate.

But by this statute, a right of action upon the bond is given to the creditor under certain circumstances, that is, when the amount due him has been ascertained and ordered by the decree of distribution to be paid; when the same has been demanded by the creditor and refused by the executor or administrator, and permission to sue has been granted to the creditor by the probate judge; until all these circumstances transpire, the creditor has no right of action *upon the bond ;* and until the right of action exists, the statute of limitations does not begin to run.

The only point made by the appellant on this branch of the case is, that the order of the probate court made February 8th, 1862, created a cause of action upon the administrator's bond.

To this we confine our attention, and are of opinion that the position is not tenable.

The order sustaining the demurrer to this portion of the answer, therefore, must be sustained.

Wood v Myrick.

The second portion of the answer demurred to is that which sets up, or attempts to set up the defence of want of jurisdiction in the probate court to make the decree of distribution of the personal estate set up in the complaint for want of notice, identified in the demurrer as the fourth paragraph.

The answer alleges in this regard, that "no notice was served on either of them (defendants) by publication or otherwise that the probate court of the county of Brown was going to act upon any claim against said estate, or direct the payment of any such claim, nor was there ever any such notice that there would be a final accounting upon said estate, given defendant Myrick, or any creditors or heirs of said estate, or that any such decree or order would be made by said probate judge.        *        *        *        *        *
And defendants are and have been ignorant of any proceedings in said probate court in reference to any such decree, or of the acts and proceedings upon which such pretended decree should have been based or founded."

*Sec.* 4 *of ch.* 56, is as follows : " After the payment of the debts, funeral charges, and expenses of administration, and after the allowance of the expenses of the maintenance of the family of the deceased, and for the support of the children under seven years of age, and after the assignment to the widow of her dower, and of her share in the personal estate, or when sufficient effects are reserved, in the hands of the executor or administrator, for the above purposes, the probate court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same; and in such decree, the court shall name the persons, and the proportions or parts to which each is entitled ; and such persons may demand and recover their respective shares from the executor or administrator, or any other person having the same."

Wood v. Myrick.

*Sec.* 8 of the same chapter is in the following language : " Such partition and distribution may be ordered on the petition of any of the persons interested : but before any partition is ordered as directed in this chapter, notice shall be given to all persons interested, who reside in this state, or their guardians, and to the agents, attorneys or guardians, if there are any in this state, of such as reside out of the state, either personally or by public notice, as the probate court shall direct."

" The residue of the estate" referred to in sec. 4, above quoted, evidently embraces all the estate both real and personal, which is to be affected by the "decree" of the probate court therein mentioned, and such decree is the final distribution to be made when the estate is fully settled.

The persons entitled to any portion of it are to be determined and named, and the proportion or part to which each is entitled is to be settled and specified in the decree ; it is, therefore, a proceeding involving the rights and interests of every person claiming an interest in the estate, and it would seem that notice of a proceeding of this character, affecting as it may the most important interests in property, should be given to all persons interested.

But unless the notice is required by *section* 8, above referred to, we are unable to see that it is required by the statute.

The words partition and distribution are not used in section four ; the language of the section is that, " the probate court shall, by a decree for that purpose, *assign* the residue of the estate ;" but the further provisions of the section that, "the court shall name the persons, and the proportions or parts to which each is entitled," &c., in connection with the former part of the section, provide, in effect, that the decree may be a partition and distribution of the residue of the estate.

Wood v. Myrick.

That this was intended to be the effect of the section we think is shown by a reference to *sec.* 16 of the same chapter, which provides, that the appointment of " commissioners to make partition or distribution of such estate," shall not be necessary when the court makes a decree assigning the residue thereof, unless the parties or some of them require it.

If they do not, the partition and distribution of the estate may be by the decree.

The decree may be legitimately described as a "partition" of the estate; and *may* be embraced in the use of that term in the statute.

If so, this partition is provided for in *sec.* 4.

This decree, by *sec* 5, " may be made on the application of the executor or administrator, or of any person interested." *Sec.* 6, then provides for another partition as follows: " When the estate, real or personal, assigned to two or more heirs. devisees, or legatees, is in common and undivided, and the respective shares are not separated and distinguished, partition and distribution may be made " by these commissioners.

*Sec.* 7 provides for the division of real estate lying in different counties.

*Sec.* 8 then follows: " Such partition and distribution may be ordered on the petition of any of the persons interested." The words "such partition and distribution," we think, may well be limited to a partition other than that by the decree, since the application for the decree is provided for in section five; if it had been the intention to require notice of partition in the cases embraced in the first clause of the section only, the limitation to such cases would have been retained by omitting the words, " but before any partition is ordered as directed in this chapter," and inserting, and " before such partition is ordered " Instead of that,

the limitation created by the word "such," is dropped, and the provision for notice is enlarged and enforced by the language, " but before *any* partition is ordered, *as directed in this chapter*, notice shall be given," &c.   If we are right in our view that the word "partition" may properly be held to embrace the decree, we think there can be no doubt that the language, "any partition ordered as directed in this chapter," embraces it, and the great importance of the notice in the case of the decree, would, at least, be a very strong reason for the conclusion that it was intended to be embraced in the provision.

A reference to *sec.* 1 of this chapter, we think, clearly shows that the decree is embraced in language of a character similar to that used in *sec.* 8.

The language of *sec.* 1 is : "Before any partition or division of any estate among the heirs, devisees or legatees, an allowance shall be made for the necessary expenses of the support of the children of the deceased under seven years of age."

We apprehend there can be no doubt that the provisions of *sec.* 1 apply to the decree mentioned in *sec.* 4, for *sec.* 4 expressly recognizes the provision for the support of the children under seven years of age, as necessary before the decree can be made.

We are, therefore, of opinion that *section* 8, as to the notice required, applies to the decree under *sec.* 4 ; if so, it must be given before the decree.   The question then arises, is the notice jurisdictional ?

" The power to hear and determine a cause is jurisdictional; it is *coram judice* whenever a case is presented which brings this power into action."        *        *

"In cases *in personam*,        *        *        the court must have

power over the subject matter and the parties." *Grignon's Lessees vs. Astor, et al.,* 2 *Howard's Rep.* 319.

The question involved in a decree authorized by *sec.* 4 *of ch.* 56, is not the power of the court over the estate, irrespective of the persons who may have an interest in it; "all the world" are not parties; the only persons interested are those who by law are entitled to claim a share of the estate; the persons entitled to share in the estate are to be ascertained and named, and the proportions or parts to which they are entitled are to be determined and specified in the decree. The decree itself, then, operates directly upon the persons interested in the estate, and is an adjudication of their rights therein. The proceeding, therefore, is not *in rem,* but *in personam,* and without the notice prescribed by the statute, the court does not acquire jurisdiction of the persons interested in the estate, and consequently has no jurisdiction to make the decree. And as the want of jurisdiction goes to the power to make any decree whatever, a decree without notice would be absolutely void, and would afford no protection to the administrator for payments under it. The want of notice may, therefore, properly be set up as a defence.

The answer alleges, substantially, among other things, that no notice by publication or otherwise was ever given to Myrick, the administrator, or any creditors or heirs of said estate, that any such decree or order would be made by said probate judge. The demurrer to the portion of the answer under consideration should have been overruled, and the order sustaining it must be reversed.

Immediately succeeding the defence of the want of jurisdiction, the answer sets up a claim of Myrick for services as administrator, amounting to $400. To this the plaintiff

replies, referring to and identifying it as the fifth paragraph of the answer.

The answer then proceeds as follows, "Defendants allege that judgments and decrees of this state in 1862, drew only six per cent. interest per annum, and no greater interest than six per cent. per annum was allowed at that time by the laws of the state of Minnesota.

"And defendant Myrick says that on the 8th day of February, A. D. 1862, he went to the office of the probate judge of the county of Brown, and then and there notified said judge, and this plaintiff, who was then present, that he, Myrick, was then ready and willing to pay all claims and accounts against said estate, which he was ready to do, and had the money for such purpose then in said probate court, and so notified the plaintiff, and said judge, but said plaintiff then and there prevented defendant from so doing, in this, that immediately after said decree was made by said probate court, said Wood, plaintiff herein, appealed from said decree and every part thereof to the district court, and then and there resisted the payment of said claim by defendant; wherefore said Myrick says, that after the said acts of plaintiff, and his said appeal, interest should not be allowed or computed against defendant upon any sum which he was then ready and willing to pay, and especially the aforesaid accounts which said plaintiff resisted the payment of, as aforesaid, nor should interest be allowed against him in any sum after February 8th, 1862."

This portion of the answer intends evidently to set up separate defences, both going to that portion of the decree of the probate court, allowing interest on the funds in the hands of the administrator, and construing a paragraph to mean a separate defence would constitute respectively the sixth and seventh paragraphs in the answer.

The plaintiff in his reply makes no reference in any way to a sixth paragraph of the answer, but after replying to the fifth paragraph above adverted to, demurs to the "seventh paragraph," which must be the last portion of that part of the answer last quoted, and such is the reference in the points of the respondent furnished to the court.

We must then consider the last portion, or "seventh paragraph" as it is called, a separate defence, and as no reference is made by it in any way to the want of notice or question of jurisdiction of the probate court to make the decree, the complaint alleging that the decree was duly and legally made, we must assume the jurisdiction of the court for that purpose; that being so, the decree cannot be attacked collaterally; the error, if any, in allowing interest could be taken advantage of only by an appeal from the decree.

The demurrer, therefore, to this "paragraph" was properly sustained.

The answer then sets up a deposit of the money of the estate by the administrator with R. W. Latham, a banker in New York; the subsequent insolvency of Latham, and the loss of the money thereby, under circumstances claimed to excuse the administrator for the loss, and exonerate him from accountability for the funds of the estate. This is clearly a separate defence, and construing the term "paragraph" in any sense in which it can properly be used, cannot be embraced in the demurrer to the seventh paragraph.

It seems to be referred to by the respondent in his brief as paragraph seven and one-half and as such it is sought to inquire into its merits—under the demurrer to the seventh paragraph. This cannot be done. The plaintiff does not demur to the seven and one-half paragraph, nor is this defence demurred to under any other designation or descrip-

Wood v. Myrick.

tion; whether it constitutes a defence or not is not before us, and was not properly before the district court.

For this reason the order of the court below as to this defence was erroneous.

The answer further alleges, "that there has never been presented to the probate court of the county of Brown, any evidence of any judgment of $621.93 having been rendered in any court whatever, and the said probate court has never directed or ordered payment of any such judgment."

To this defence the plaintiff demurs, identifying it as the eighth paragraph of the answer, and so treating it in his points. This defence clearly refers to the claim set up in the complaint based upon a judgment in favor of Wood as former administrator of the estate of William Wood deceased.

As has already been observed, this is an action brought upon the bond of the administrator. Under the statute the plaintiff is entitled to recover the damages to which he is entitled in consequence of the breach of the condition of the bond. *Gen. Stat. ch.* 55, *sec.* 7.

The breach as to a creditor, is the neglect of the administrator to pay, after demand, the amount ascertained and ordered by the decree of distribution to be paid to him. *Ib.* § 2.

So far as this judgment is concerned, the failure to pay it, if a breach at all, is a substantive ground for damages, and the action for such damages results to the plaintiff as creditor of the estate; it must, therefore, be a claim upon which an action could be brought by him as a creditor under *sec.* 2, above cited.

If it has not been ascertained and ordered by the decree to be paid, it is not such a claim, and an action *upon the*

*bond* does not lie. Without reference to the very defective manner in which this judgment is pleaded in the complaint, the facts stated in the answer show that it is not a claim which under *sec. 2 of ch.* 55 can be embraced in this action.

The answer, in the portion demurred to, does not purport to go to the whole complaint, but only to this judgment as a substantive ground of recovery by the plaintiff.

The demurrer to this defence is not well taken, and the order sustaining it must be reversed. This disposes of all the questions upon which we are to pass.

The order sustaining the demurrer, as to the third and seventh defenses is affirmed, and as to the other defenses the order sustaining the demurrer is overruled.