KIMMELSTIEL v. The DEFIANCE. See Case No. 3,740.

KINCAID (ADAMS v.). See Case No. 58.

KINCAID (KINGSTON v.). See Case No. 7,822.

KINCHELOE (DANIEL v.). See Case No. 3,561.

---

## Case No. 7,779.

### In re KING et al.

[5 Ben. 453;[1] 7 N. B. R. 279.]

District Court, S. D. New York. Jan., 1872.

LIMITED PARTNERSHIP—PUBLICATION OF DISSOLUTION—TIME.

Under the 24th section of the statute of New York, in regard to limited partnerships (1 Rev. St. p. 767), requiring notice of dissolution, previous to the time specified in the certificate of its formation, to be published "once in each week, for four weeks," the day of the week which is taken for the first publication must be taken for each of the subsequent publications.

[In the matter of David J. King and William King, bankrupts.]

D. McMahon, for the motion.
Charles Blandy, opposed.

BLATCHFORD, District Judge. The only question which I deem it necessary to consider, in disposing of the motion, on the part of the assignee in bankruptcy, to confirm the report of the register disallowing the claim of Sarah King, is the question whether the limited partnership of D. J. &. W. King & Bellander, in which Sarah King was a partner, was lawfully dissolved, by the acts of the parties to it, before the time prescribed for its expiration in the certificate of its formation. If it was not so dissolved before such time, the report of the register must be confirmed.

The 24th section of the statute of New York, in regard to limited partnerships (1 Rev. St. p. 767, § 24), provides as follows: "No dissolution of such partnership by the acts of the parties shall take place previous to the time specified in the certificate of its formation, or in the certificate of its renewal, until a notice of such dissolution shall have been filed and recorded in the clerk's office in which the original certificate was recorded, and published once in each week, for four weeks, in a newspaper printed in each of the counties where the partnership may have places of business, and in the state paper." The question in the present case is, as to whether the notice of dissolution was published once in each week for four weeks in the state paper—the Albany Evening Journal. The notice was published in that paper, which was a paper published daily, five times, in January and February, 1869, namely, on the 11th, 21st, and 27th days of January, and on the 1st and 10th days of February. It was published in the New York Times, a newspaper published daily in the

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

county where the partnership had its place of business, four times in January and February, 1869, namely, on the 12th, 19th and 26th days of January, and on the 2d day of February. No question is made as to the publication in the latter paper.

It is contended, that the publication in the state paper was a publication once in each week for five successive weeks, in this way: The first week was from January 11th to January 17th, both inclusive, and the publication in that week was on January 11th; the second week was from January 18th to January 24th, both inclusive, and the publication in that week was on January 21st; the third week was from January 25th to January 31st, both inclusive, and the publication in that week was on January 27th; the fourth week was from February 1st to February 7th, both inclusive, and the publication in that week was on February 1st; the fifth week was from February 8th to February 14th, both inclusive, and the publication in that week was on February 10th.

In support of this mode of computation, the case of Bowen v. Argall, 24 Wend. 496, is relied on. In that case the question arose on the 9th section of the same title (1 Rev. St. p. 765, § 9), which provides as follows: "The partners shall publish the terms of the partnership when registered, for at least six weeks immediately after such registry, in two newspapers to be designated by the clerk of the county in which such registry shall be made, and to be published in the senate district in which their business shall be carried on; and, if such publication be not made, the partnership shall be deemed general." In that case, the notice of the terms of the partnership was published in each of the two newspapers designated, six times, namely, on the 17th and 24th days of September, and the 1st, 8th, 15th and 22d days of October, the space intervening between the day before the first day of publication and the day after the last day of publication being thirty-six days. The objection was taken, that the notice ought to have been published daily for thirty-six days, and that, at all events, there should have been six weeks between the first and last publications. From the day of the first publication to the day of the last publication was five weeks, and from the day of each publication to the day of the next succeeding publication was a space of exactly seven days, in each instance. The court held that the words, in the ninth section, "for at least six weeks," meant "once in each week for at least six weeks," and not a publication daily for six weeks; and that a publication in the first week immediately ensuing the registry, duly followed by a repetition for the next five weeks, was sufficient. The notice was repeated five times after the first publication, at an interval of seven days between each time. In the present case, the publication being required to be "once in

each week for four weeks," there ought, by analogy, to have been one publication, and then a repetition three times after the first publication, at an interval of seven days between each of the four times. No such sequence of publication took place in the present case. The court say, in Bowen v. Argall: "A publication once in each of the ensuing six weeks," that is, once in each of the six weeks ensuing the registry, "is sufficient. The statute counts by weeks, taking one day, no matter which, if according to the course of weekly publication, in each week. Thus, the full term of forty-two days, and more," the registry having been made on the 14th of September, "were made out in this case. One publication in each six consecutive weeks of seven days each, the first publication being within the first seven days after the registry, satisfies the statute in respect to time of publication. Each single publication in each week represents, and should be reckoned for, seven days." When any day of the week is taken for the first publication in a paper, that same day of the week must be taken for each of the succeeding publications. In the present case, the first publication in the state paper having been on the 11th of January, the notice should have been repeated in that paper three times, at intervals of seven days each, namely, on the 18th and 25th days of January, and on the 1st day of February. This rule was observed in regard to the publications in the New York Times. The first publication in that paper having been on the 12th of January, the succeeding publications were on the 19th and 26th days of January, and the 2d day of February. There was not one publication in the state paper, in each of three consecutive weeks of seven days each, ensuing the 11th of January. The first of such weeks of seven days each comprised the 12th, 13th, 14th, 15th, 16th, 17th and 18th days of January, and there was no publication on any one of those days. The case of Bowen v. Argall is an authority against the regularity of the publication in this case. I am satisfied that the correct interpretation of the statute is the one I have indicated, and that the practice under it is in accordance with such interpretation. No decision of any state court in conflict with such interpretation has been brought to my notice. The motion to confirm the report is granted.