LYMAN C. DAYTON, Adm'r, etc., *vs.* WILLIAM L. MINTZER

February 11, 1876.

**Probate Court—Conclusive Effect of Records.**—The records of the probate court import absolute verity as respects a party to the proceedings of which they are records, subject to amendment and correction in a direct proceeding for that purpose, and not otherwise ; and they are, therefore, conclusive upon such party in a collateral proceeding.

**Same—Files are Records.**—Gen. St. ch. 49, § 7, by which the proceedings in a probate court, when verbal, are required to be entered in the minutes of the court, and, when written, to be filed, places the filing upon the same footing as the entry in the minutes—that is to say, makes it a record.

**Same—Administrator's Sale—Publication of Notice—Confirmation.**—The provision of Gen. St. ch 57, § 35, requiring notice of the time and place of an administrator's sale of real estate to be published in a newspaper for three weeks successively, is satisfied by three publications in a daily newspaper, at the rate of one a week, on regular publication days, separated by an interval of a week. A similar publication of notice of hearing upon an administrator's petition to sell real estate is sufficient. An objection to the sufficiency of a publication in the latter case is cured by the confirmation of the sale without appeal.

**Same—Stamp Duty.**—The federal internal revenue law (12 U. S. St. at Large, 483 ; 13 Id. 300,) required that the probate of a will or the letters of administration should be stamped—one or the other, not both.

Appeal by plaintiff from an order of the district court for Ramsey county, refusing a new trial, after a trial before *Wilkin*, J., without a jury.

*Gilman, Clough & Lane*, for appellant.

*Henry J. Horn, Geo. L. Otis*, and *John Y. Page*, for respondent.

BERRY, J.[1]  This action is brought for the purpose of testing the validity of an administrator's sale of real estate.

1. It appears that on November 25, 1865, the will of Lyman Dayton, deceased, was admitted to probate in Ramsey county, and the plaintiff appointed administrator, with the will annexed.  On January 2, 1867, the probate judge made an order removing plaintiff from administration, and appointing Parker Paine in his place.  From the order of

---

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

removal and appointment the plaintiff attempted to appeal to the district court. By statute such appeal is required to be taken by filing appeal papers within sixty days after notice of the order appealed from. Gen. St. ch. 49, § 16. The plaintiff received notice of the order of removal and appointment on January 25, 1867. His appeal papers, as appeared by the endorsement of the probate judge thereon, were filed May 23, 1867, which was, as will be observed, more than sixty days after plaintiff received notice of the order in question. The plaintiff, for the purpose of proving that his appeal was in time, offered to show by parol that the appeal papers were deposited in the office of the probate judge within the sixty days prescribed by statute, but the evidence was excluded.

By § 7, art. 6, of our constitution, the probate court is declared to be " a court of record." As such, its records import absolute verity as respects a party to the proceedings of which they are records, subject, however, to amendment and correction, in a direct proceeding for that purpose, but not otherwise; and they are, therefore, conclusive upon such party in a collateral proceeding.

By Gen. St. ch. 49, § 7, the proceedings in the probate court, when verbal, are required to be " entered in the minutes of the court, and, when written, to be filed." The evident effect of this is to put the filing upon the same footing as the entry in the minutes—that is to say, to make it a record. As such record it is, against the estate which the plaintiff represents as well as against the plaintiff, conclusive in this action, which is a proceeding collateral to that in which the record—i. e., the filing—was made. It follows that the evidence offered was properly rejected.

This conclusion applies also to the evidence offered by plaintiff for the purpose of showing when the appeal papers were filed in the appeal attempted to be taken from the license to sell, and from the confirmation of the sales made in pursuance thereof.

2. In case of an administrator's sale of real estate the statute (Gen. St. ch. 57, § 35,) requires that notice of the time and place of sale "shall be published in a newspaper * * * for three weeks successively next before such sale." The plaintiff offered to prove that the notice of sale in this case was published in a daily newspaper once a week only. The offer was rejected.

The plaintiff contends that the rejection was erroneous, because the testimony offered would have shown an insufficient publication. His objection to the publication is that, as it was made in a daily paper, it should have appeared in each daily issue thereof during the prescribed three weeks.

If the publication had been made in a weekly paper, on regular publication days, separated by intervals of a week, there can be no question that it would have satisfied the statute. The single publication on the regular publication day would be a publication for a week. It follows that, to constitute a good publication for a given number of weeks, a daily publication is not essential. Publications on regular publication days, at the rate of one a week, if separated by intervals of a week, are sufficient. We can perceive no reason why this rule is not as applicable to a publication in a daily as to one in a weekly paper. We are, therefore, of opinion that the plaintiff's offer was rightly rejected by the court below.

3. What we have said in reference to the publication of the notice of sale applies to the plaintiff's objection to the notice of hearing the administrator's petition for license to sell. It is further to be observed that this objection is disposed of by the fact that the sale was confirmed by the probate court, and that no appeal has been taken from the confirmation. See Gen. St. ch. 57, § 47.

4. The notice of sale stated that the several tracts of land which the administrator was licensed to sell would be offered for sale on August 26. The plaintiff offered to show that the sale commenced August 26, and continued

through that day and August 27, 28, 29 and 30, from 9 A. M. till sunset of each day, and that the property in question in this case was sold on the 30th.

The state of facts offered to be shown is not inconsistent, so far as appears here, with the report of sale, which refers to a memorandum " annexed " as containing a statement of the " times " when sales were made, which memorandum is not returned here.

The statement in the report that the sale was "legally made " embraces the fact of proper adjournments, under Gen. St. ch. 57, § 44. Under this state of facts the plaintiff's offer was too narrow. He should at least have proposed to follow up the evidence offered by him, by evidence going to show that the proper adjournments were not had.

5. As to plaintiff's point that the letters of administration issued to Paine were void for want of a United States revenue stamp, it is enough to say that the probate of the will was stamped. This was sufficient, as the law required the probate *or* letters to be stamped—one or the other, not both. 12 U. S. St. at Large, 483 ; 13 Id. 300. As to the administrator's bond and the sale bond, the presumption from the finding of the court is that they were properly stamped, if it was of any importance that they should be. This is a sufficient answer to plaintiff's objection, without any comment upon the effect of the confirmation in curing any omission to affix stamps, or upon the fact that there is nothing in the case tending to show that the omission (if any) was fraudulent.

Order affirmed.