JOSEPH L. FOREPAUGH and another *vs.* CAROLINE HOFFMAN and others.

January 29, 1877.

**Action by Creditor on Probate Bond.**—Under Gen. St. c. 55, § 4, a creditor may, in his own name, bring an action upon a probate bond, although his claim against the estate has not been ordered, by a decree of distribution, to be paid. *Wood* v. *Myrick*, 16 Minn. 494, and *Waterman* v. *Millard*, 22 Minn. 261, distinguished.

Action by plaintiffs, as creditors of Sixtus Hoffman, deceased, against his administratrix and the sureties on her official bond. The complaint alleges the indebtedness of

the deceased, in his lifetime, to plaintiffs, his death, the appointment and qualification of defendant Hoffman as his administratrix, the execution of the bond, conditioned, among other things, to render a just and true account of her administration to the probate court of St. Louis county, within one year, and at any other time when required by the court. It further alleges that the administratrix took possession of all the estate of the intestate, but unreasonably delayed the sale of the goods and chattels till they were much reduced in value, or to collect or offer for sale the accounts; that the assets of the estate received by the administratrix were, when appraised, largely in excess of its liabilities; that all the goods and chattels have been sold, but no account of sale has been filed; that plaintiffs' claim was duly allowed by the commissioners; that the administratrix has in her hands moneys sufficient to pay plaintiffs' claim, and all other claims against the estate, and has already paid other claims of the same nature with that of the plaintiffs; that, after the time allowed by law for the payment of demands against the estate, and after the expiration of the additional time allowed for that purpose by the probate court, that court did, from time to time, order the administratrix to file her final report and account, which she has wholly neglected and refused to do, and, by reason of such her neglect and failure, there is no basis on which the probate court can found a decree for the distribution of the funds of the estate remaining in her hands; that, by reason of the premises, the plaintiffs have been damaged to the full amount of their claim, and that they have duly obtained permission from the probate court to bring this action. Judgment is demanded for the amount of plaintiffs' claim, with interest from the date of the filing of the commissioners' report.

A general demurrer to the complaint was overruled by the district court for St. Louis county, *Stearns*, J., presiding, and defendants appealed.

*H. N. Setzer*, for appellants.

The complaint is fatally defective in not alleging a decree of distribution. *Wood* v. *Myrick*, 16 Minn. 494; *Waterman* v. *Millard*, 22 Minn. 261. The probate court is the exclusive forum for the settlement, in the first instance, of all questions of faithful administration, and these questions cannot be brought before any other tribunal by means of an action on the administration bond, or in any other manner than by appeal from a final decree of the probate court. *Paine* v. *Stone*, 10 Pick. 75; *Probate Court* v. *Van Duzer*, 13 Vt. 135; *Stone* v. *Peasley*, 28 Vt. 716.

*Ensign & Cash* and *Mead & Thompson*, for respondents.

BERRY, J. Gen. St. c. 55, § 1, provides that all bonds required by law to be taken in or by order of the probate court, in case of any breach of the conditions thereof, may be prosecuted in the name and for the use or benefit of any person interested therein, whenever the judge of probate directs. Section 2 provides that an action may be brought on the bond of any executor or administrator, by any creditor, when the amount due to him has been ascertained and ordered by the decree of distribution to be paid, if the executor or administrator neglects to pay the same when demanded. Section 3 provides that such an action may be brought by any person as next of kin, to recover his share of the personal estate, after a decree of the probate court declaring the amount due to him, if the executor or administrator fails to pay the same when demanded. Section 4 provides that, when it appears, on the representation of any person interested in the estate, that the executor or administrator has failed to perform his duty in any other particular than those before specified, the judge of probate may authorize any creditor, next of kin, legatee, or other person aggrieved by such failure, to bring an action on the bond. Section 6 provides that, on the application of any person authorized by this chapter to commence an action on the bond, the judge of probate may grant him permission to prosecute the

same, and shall furnish him a copy of the bond, etc. Section 7 provides that the judgment of the plaintiff, in any action on such bond brought for the benefit of any particular person, shall be for the amount of damages he shows himself entitled to in consequence of the breach of the condition of said bond.

There can be no doubt that sections 2, 3, and 4, as read in connection with sections 1, 6, and 7, authorize the bringing of suits upon probate bonds, by and in the name of persons other than the judge of probate. Section 2 provides for a case in which the amount due a creditor of the estate has been ascertained, and ordered to be paid by the decree of distribution, and the executor or administrator neglects to pay the same when demanded. Under this section an action was brought in *Wood* v. *Myrick*, 16 Minn. 494. When it is said in that case, among other things, that, until the amount due a creditor has been ordered by a decree of distribution to be paid, the creditor has no right of action upon the bond, the court is speaking of a right of action under the provisions of section 2. In *Waterman* v. *Millard*, 22 Minn. 261, the action was also attempted to be brought under section 2, and it failed, because (as was held, in accordance with *Wood* v. *Myrick*) it was necessary to a right of action under that section that the amount due the plaintiff, or some part thereof, should have been ordered to be paid by the decree of distribution. The general language of the court with reference to the right of action upon a probate bond is to be read with reference to the case before it.

The present action is brought under section 4. For a cause of action the plaintiffs do not allege such a state of facts as would sustain an action under sections 2 or 3, but they allege that the administratrix has failed to perform her duty in other particulars than those specified in sections 2 and 3. For instance, among other things, they allege that, after repeated orders of the probate court so to do, she has

failed and neglected to render any account, or file any report of her proceedings in the administration of the estate, so as to furnish a basis for a decree of distribution of the funds belonging to the estate and in her hands.  By this her failure to perform her duty as administratrix, the plaintiffs allege that they have been aggrieved to the amount of their claim against the estate—the same having been duly ascertained, and the administratrix having in her hands funds of the estate sufficient to pay all claims against the same, besides expenses of administration.

This action having been brought under section 4, it is not necessary, as defendants contend, that the complaint should contain an allegation that the amount due the plaintiffs has been " ordered, by the decree of distribution, to be paid."

Order affirmed.