SAMUEL D. GREENWOOD *vs.* WILLIAM P. MURRAY, Executor, and another.

July 8, 1881.

Probate Court—Application for Decree assigning Estate—Weekly Publication in Daily Paper.—A petition having been made to the probate court by the executor, in the matter of the estate of a deceased testatrix, for a decree assigning the residue of the estate to the persons by law entitled to the same, pursuant to the provisions of Gen. St. 1878 c. 56, § 4, the court made an order, properly entitled in the proceedings, and referring to the petition, that the application be heard at a time and place appointed, and "that notice thereof be given to all persons interested, by publishing a copy of this order for three successive weeks prior to said day of hearing, in the Saint Paul *Daily Evening Dispatch*, a newspaper printed and published at the city of St. Paul, in said county." The order did not name or further designate the parties interested. *Held*, that a publication of the order once a week—*i. e.*, at intervals of a week for the period prescribed by the order—was a sufficient compliance with its terms, and that it was not necessary for the publication to be made daily or in every issue of the paper during that period. *Held, further*, that the publication of such an order was sufficient notice, under section 8 of the same chapter, to an heir-at-law of the deceased, though it did not designate her by name, or otherwise refer to her than by the general language above quoted.

Devise—"Heirs" Construed.—A testatrix devised certain real estate to her executor appointed by the will, in trust, to sell the same five years after her death, unless her heirs should agree to postpone the sale for a longer period, and to pay over the proceeds, in designated portions, to her husband,

her nephew, and her two daughters, who were her heirs-at-law. *Held*, the trust having been validated by a decree of the probate court not appealed from, that the word "heirs," to whom the power to postpone the sale by agreement was given, must be construed to mean all the legatees or beneficiaries of the trust of the will.

Meliza J. Miller died May 15, 1872, leaving a will, by which she devised to defendant Murray certain real estate in the city of St. Paul, in trust to sell the same five years after her decease, and pay the proceeds to certain persons, in the manner stated in the opinion. On July 13, 1874, the probate court of Ramsey county, where the will was proved, on the application of Murray, as executor, and after notice given in the manner stated in the opinion, made a final decree, assigning this real estate to Murray, in trust, under the will.

Plaintiff, as assignee of William H. Stewart and William R. Miller, two of the beneficiaries of the trust, brought this action in the district court for Ramsey county, to compel the execution of the trust, five years having elapsed since the death of the testatrix. Defendants demurred to the complaint, and the order sustaining the demurrer was reversed by this court. See 26 Minn. 259.

The defendants then answered, and the cause was tried by *Simons*, J., who ordered judgment for plaintiff. A new trial was refused, and the defendants appealed.

*H. J. Horn* and *W. P. Murray*, for appellants.

*Chas. N. Bell*, for respondent.

CLARK, J. When this case was before this court upon demurrer to the complaint, it was held that the decree of the probate court, assigning to the defendant Murray the real estate described in the will of Meliza J. Miller, in trust, for the purpose of the will, was effectual to establish the trust, although it was originally void. *Greenwood v. Murray*, 26 Minn. 259. For the purpose of that decision, the decree was treated as valid, it having been alleged in the complaint to be so. The defendants subsequently answered, putting in issue the validity of the decree, and the trial of this, among other issues, has been had. The defendants now claim that the decree of the probate court was without jurisdiction and void, for the reason that notice was not given to the defendants of the application therefor, as required by

Gen. St. 1878, *c*. 56, § 8. That section is as follows: "Such partition and distribution may be ordered on the petition of any of the persons interested; but before any partition is ordered as directed in this chapter, notice shall be given to all persons interested who reside in the state, or their guardians, and to the agents, attorneys, or guardians, if there are any in the state, of such as reside out of the state, either personally or by public notice, as the probate court shall direct."

The word "partition," where it secondly occurs in this section, embraces the decree assigning the residue of the estate to the parties entitled thereto at the close of the administration, pursuant to section 4 of the same chapter under which the decree in question was made. *Wood* v. *Myrick*, 16 Minn. 494. The notice prescribed by section 8 is necessary to confer jurisdiction upon the probate court to make such decree. Id. The decree was made on the application of defendant Murray, and he is not, therefore, in a position to object to it; but this does not dispose of the question as to the defendant Louisa Miller. Notice to her was given by the publication of the following order, in the paper designated therein, once a week for three successive weeks, there having been four publications at intervals of a week:

"*State of Minnesota, County of Ramsey.—In Probate Court. Special Term, June 17, 1874.*

"IN THE MATTER OF THE ESTATE OF MELIZA J. MILLER.

"On reading and filing the petition of William P. Murray, executor of the estate of Meliza J. Miller, deceased, representing, among other things, that he has fully administered said estate, and praying that a time and place be fixed for examining and allowing his account of his administration, and that said estate be assigned to the devisee named in the will of said deceased, it is ordered that said account be examined by the judge of this court, and said petition heard, on Monday, the thirteenth day of July, A. D. 1874, at 10 o'clock A. M., at the probate office in said county; and it is further ordered, that notice thereof be given to all persons interested, by publishing a copy of this order, for three successive weeks prior to said day of hear-

ing, in the St. Paul *Daily Evening Dispatch*, a newspaper printed and published at the city of St. Paul, in said county.

"By order of the court. H. R. BRILL, .

"Probate Judge of Ramsey County, Minnesota."

It is claimed, with respect to the publication, that a publication once a week, for the period prescribed by the order, was not a compliance with its terms, but that the publication should have been daily, or in every issue of the paper, for three weeks; and, with respect to the form of the notice, that it should have been directed to Louisa Miller by name. Upon the first point, the language employed in the order is similar to that used in several instances in the statutes regulating probate proceedings. Notice of the probate of a will is required to be published "in such newspaper printed in this state as the judge shall direct, three weeks successively." Gen. St. 1878, *c.* 47, § 14. Notice of the hearing of an application for the appointment of an administrator is required to be published "for three successive weeks in such newspaper as he [the judge] shall direct." Gen. St. 1878, *c.* 51, § 19. Notice of the times and places of the meetings of commissioners is required to be published "at least four weeks successively in some newspaper printed in said county." Gen. St. 1878, *c.* 53, § 3. Notice of sale of real estate, by the license of the probate court, is required to be published "in a newspaper, if there is one, printed in the same county, and, if there is none, then in such paper as the court may direct, for three weeks successively." Gen. St. 1878, *c.* 57, § 39. More instances might be cited. It is a fact which the court cannot ignore that, in nearly all the counties of the state, newspapers are published only once a week. The legislature, when it prescribed a number of weeks' publication, must therefore be presumed to have intended that a publication once a week should be sufficient, and the language of the order in question should receive the same interpretation as similar language in the statute used in like relation. A publication once a week being sufficient, the fact that the newspaper in which the notice was directed to be published was a daily newspaper, and so designated in the order, is an immaterial circumstance. *Dayton* v. *Mintzer*, 22 Minn. 393.

The second point is controlled by the case of *Spencer* v. *Sheehan,* 19 Minn. 338, which arose with respect to the notice required to be given by Pub. St. *c.* 39, §§ 3, 4, of the hearing of an application by an executor for license to sell real estate. Section 3 provided that the judge should "make an order directing all persons interested in the estate to appear before him, at a time and place therein to be specified, not less than six weeks, and not more than ten weeks, from the time of making such order, to show cause why a license should not be granted," and section 4 provided as follows: "A copy of such order to show cause shall be personally served on all persons interested in the estate at least fourteen days before the time appointed for hearing the petition, or shall be published at least four successive weeks in such newspaper as the court shall order." The order directed "that the heirs-at-law of said deceased, and all other persons interested in the estate, appear;" and further directed that the executor "give notice to all persons interested in the said estate of the pendency of the said petition and the hearing thereof, by causing a copy of the order to be published in the *Pioneer and Democrat* * * * for four successive weeks previous to said day of hearing." The order having been published, it was held that the notice was sufficient as against a devisee of the deceased, though not referred to by name in the order. No considerations have been urged upon us to throw doubt upon the correctness or weaken the authority of that case, nor which distinguish it in any important respect from the case under consideration.

It was argued that if a general description in the order, "all persons interested," is sufficient, the special mention in the statute of guardians and agents and attorneys in the state of non-resident parties was unnecessary; but the service may be required to be personal, in the discretion of the judge, and in that case all the language of the statute as to the persons to whom notice is to be given has force and effect. Any person interested may apply for the decree of distribution; and a requirement that the petitioner should, at the risk of imperiling the validity of the decree, be able to inform the court beforehand of the names of all persons entitled under the decree of distribution, or otherwise interested, whether they acquired their rights by inheritance or by purchase, would introduce an element of

uncertainty into the proceedings, and titles depending thereon, which the statute does not necessitate nor public policy warrant.

It was further claimed that the sale under the trusts of the will ought not to be enforced against the objections of the defendant Louisa Miller. The testatrix devised certain real estate to her executor, William P. Murray, in trust, five years after her death to sell the same, "unless my heirs agree to postpone said sale for a longer period," and upon such sale to pay over the proceeds as follows: to her husband, William R. Miller, $750; to her nephew, William H. Stewart, $750; and the balance to her two daughters, Harriet Stillman and Louisa Miller, in equal shares. Harriet Stillman having died, it is claimed by the appellants that Louisa Miller is the sole heir, and entitled at her election to have the sale postponed. The plaintiff is the assignee of the right of William R. Miller and of William H. Stewart, under the will, and seeks to have the trust executed by a sale of the real estate, and the distribution of the proceeds. The real estate in question comprised all the estate upon which the will operated. The title was devised to the executor, Murray. None of the beneficiaries of the will took any legal estate or interest in the land.

The word "heirs" in a will is sometimes construed to mean "devisees," "legatees," or "distributees," when it appears from the will that such was the obvious intention of the testator; and we think it quite clear that, in this case, the testatrix intended that the agreement postponing the execution of the trust should be by all those who were interested in its execution, and not by those of them alone who, by the laws of descent, would have succeeded to the property as her heirs, if she had died intestate. *Eisman* v. *Poindexter*, 52 Ind. 401.

The other points made by the appellants relate to questions of fact, upon which the decision of the court below appears to be justified by the evidence, and is, therefore, conclusive.

Order affirmed.