## Lucius L. Lanier *vs.* John R. Irvine and others.

### August 28, 1877.

**Action on a Joint and Several Contract—When Representatives of a Deceased Defendant Need not be Joined.**—Pending an action upon a joint and several contract, if one of the defendants dies, it may be continued against the survivors, without joining the representatives of the deceased defendant.

**Administrator's Bond Executed Prior to the Passage of the General Statutes—Action on, in the Name of a Creditor—Gen. St. c. 60, § 6, is Retrospective and Constitutional.**—An action upon an administrator's bond may, under Gen. St. *c.* 60, § 6, even where the bond was executed prior to their passage, be brought in the name of a creditor to recover the amount which the probate court has directed to be paid to the creditor, leave to sue having been obtained. The provision of the General Statutes allowing suit on such bond in the name of the creditor instead of the judge of probate, applies to past bonds; it affects only the remedy, and is constitutional.

**Probate Court—Decree Directing Debts to be Paid Allowed by Commissioners—Presumption as to Notice by Commissioners.**—Where a decree is made by a probate court, directing debts allowed by the commissioners to be paid, it will be presumed that the commissioners gave the proper notice, or that the administrator appeared before them; and, in an action on the administrator's bond to recover the amount directed to be paid, proof of notice by the commissioners need not be made otherwise than by the decree.

Same—Same—Sureties not Discharged by an Order Extending Time to Account.—An order of the probate court, made after a decree directing payment of debts, extending the time for the administrator to render his final account beyond the limits fixed by statute, does not affect the liability of the sureties of the administrator with respect to the amounts directed by the decree to be paid the creditors.

Same—Same—Notice—Funeral Expenses.—No notice is required to authorize the making of a decree for payment of debts and distribution of assets among creditors. The existence of unpaid funeral expenses does not affect the validity of such a decree.

Administrator's Bond—Demand and Leave to Sue—Statute of Limitations.—The time for the limitation of actions on administrators' bonds begins to run only after a demand and leave to sue granted.

This suit was brought under an order of the probate judge for the county of Nicollet, dated July 7, 1871, upon an administrator's bond, running to the probate judge of the said county, for the use of the heirs and creditors of the estate of W E. Manro, deceased, and executed July 5, 1860, by George W. Manro as principal, and John R. Irvine and W. A. Gorman as sureties.

The claim upon which the action was based was allowed by commissioners appointed by the judge of the said court, who reported "that we did, within six months from our appointment as such commissioners, appoint convenient times and places where and when we should meet for the purpose of examining and allowing claims; that we gave notice of said times and places of our meetings, and of the time limited for the creditors to present their claims, * * * * by publishing the said notice in the *Minnesota Statesman,* a weekly newspaper printed and published in the town of St. Peter."

The case was tried in the district court for Ramsey county, before *Simons,* J., without a jury, and judgment having been entered for the plaintiff the defendants appealed.

*Davis, O'Brien & Wilson,* for appellants.

The court erred in denying the defendants' motion to substitute the personal representatives of Gorman. Gen. St. *c.* 66,

§§ 36, 298.    The action should also have been brought in the name of the probate judge, (Comp. St. *c.* 47,) because the statute now in force (Gen. St. *c.* 55) is neither by fair intendment or express terms retrospective, (*Edson* v. *Newell,* 14 Minn. 228; Sedgw. Stat. and Cons. Law, 190, 191, *et seq.*; Potter Dwar. Stat. Cons. 162, n.; Cooley Cons. Lim., 13th Ed., 369,) and would be unconstitutional if it were accorded that effect.    The decree upon which this action is founded is also void, because it appears that the commissioners had no jurisdiction.    *Bradley* v. *Ward,* 58 N. Y. 401;    *Wood* v. *Myrick,* 16 Minn. 494.    Again, the extension of time granted to the administrator, without notice to the sureties, released this defendant.    *Lamonte* v. *Ward,* 36 Wis. 562; *Reese* v. *United States,* 9 Wall. 13;    *United States* v. *Horton,* 2 Dill. 94; *Mullakin* v. *The State,* 7 Blackf. 77: *Wappello* v. *Bigham,* 10 Iowa, 39; *Huey* v. *Pinney,* 5 Minn. 240, (310;) *Bigelow* v. *Bridge,* 8 Mass. 274; *Niblo* v. *Clark,* 3 Wend. 24; 2 Am. Lead. Cas. 271, 293.    The decree of distribution is likewise void for want of notice, (*Wood* v. *Myrick,* 16 Minn. 494,) and because it affirmatively appears that the funeral expenses had not been paid at the time it was made.    Comp. St. *c.* 47, § 2.    Moreover, this suit is barred by the statute of limitations.    Comp. St. *c.* 44, §43, *c.* 47, § 5.    And, finally, the record in evidence is not sufficient to bind the defendants as sureties, because there should have been proof *aliunde* that the administrator had assets.    *Jackson* v. *Griswold,* 4 Hill, 522; *King* v. *Norman,* 4 C. B. 883.

*Geo. L. Otis,* for respondent.

There was no error in the order granting the plaintiff the right to proceed against the surviving defendant.    Gen. St. *c.* 66, § 36; New York Code, *c.* 4, § 121; 1 Wait's Prac. 154; *Gardner* v. *Walker,* 22 How. Pr. 405; *Bank* v. *Trott,* 27 N. Y. 633; *McVean* v. *Scott,* 46 Barb. 379; *Fine* v. *Brighter,* 3 Abb. N. S. 385.    This action is also brought in the name of the proper party.    Until the revision of 1866 (Gen. St. *c.*

56) the creditor brought suit in the name of the probate judge, (Rev. St. *c.* 60, Comp. St. *c.* 47,) but since that time he is authorized to sue in his own name. The substantial rights of the creditor, however, were not affected by the change, which merely dealt with the remedy, and permitted the substitution of the name of a real for that of a nominal plaintiff. *Wood* v. *Myrick,* 16 Minn. 494. Neither was the order of distribution upon which this action is founded void, because notice was not essential to the jurisdiction of the commissioners over claims actually presented, and it is not requisite that the fact of their jurisdiction should be affirmatively shown in this suit. And even if this order could not be made until the funeral expenses were paid, although not such final order as is contemplated by the statute, (Comp. St. *c.* 47, § 2,) still payment will be presumed in this instance in favor of such order. Notice of the order was likewise not requisite because it did not relate to a final distribution of the estate, (Comp. St. *c.* 47, §§ 2, 71,) and in any event would have been presumed. Neither did the extension of time granted to the administrator release the sureties; because the time for paying the claim in controversy was not extended; because, if there was any extension, it was made under the law in force at the time the bond was executed; and because, if the extension was illegal for want of notice or otherwise, it was a mere nullity, and there was therefore no extension in fact. It has already been determined that this action was not barred by the statute, (*Lanier* v. *Irvine,* 21 Minn. 447) and under the decision of *Wood* v. *Myrick* (16 Minn. 494) there is no room for argument on this branch of the case.

GILFILLAN, C. J. This action was brought upon an administrator's bond, running to the judge of probate, executed by Manro, the administrator, as principal, and Irvine and Gorman as sureties. Irvine and Gorman answered jointly. Gorman having died before the trial, the court denied an application to have his representatives substituted as co-defendants,

and on plaintiff's application made an order granting him the right to proceed against Irvine alone.

On the trial the appointment and qualifying of Manro as administrator, the appointment of commissioners to audit claims, their report filed allowing certain claims, among them the claim upon which this action is based, the petition of the administrator showing the amount of money in his hands for distribution among the creditors, an order directing him to pay certain amounts to the several creditors, by which he was to pay upon the claim on which this action is based the sum of $535.07, a demand for and non-payment thereof, and an order of the probate judge directing plaintiff to bring suit on the bond, were established.

The letters of administration were granted July 11, 1860. The order for distribution among the creditors was made June 19, 1863.   On November 5, 1863 an order was made allowing the administrator an extension of time until April 11, 1864, in which to render an account of his administration of the estate.   This order was thus granted after three years, from the issuing of the letters of administration, had expired.

The various reports, orders, and other transactions after the issuance of the letters, were without actual notice to the sureties on the bond.   The decree or order of distribution among creditors does not appear to have been made upon any notice.

The errors assigned by defendant are:   *First*, in denying the motion for substitution of Gorman's representatives, and in allowing the action to proceed against Irvine alone; *second*, that the action is not properly brought in the name of the creditor, but should have been brought in the name of the judge of probate; *third*, that the decree of distribution is void because the commissioners did not give sufficient notice of the times and places of their meetings, etc.; *fourth*, that the extension of time by order of November 6, 1863, released the sureties; *fifth*, the decree of distribution is void for want of notice, and because it appears the funeral expenses had not

been paid; *sixth,* the suit is barred by the statute of limitations.

The bond was joint and several, and the action might originally have been brought against all the obligors jointly, or any one of them separately, and had the action been brought against one only, he could not have complained that the others were not joined. So if the action having been brought against all, one of them dies, the action may proceed as if he had not been originally a defendant. There was no error in the order allowing the action to proceed against the survivors.

When this bond was executed, and the amount for which the action is brought was ordered to be paid, the provisions of the Revised Statutes of 1851, upon the subject of probate bonds and actions on them, were in force. Then, as under the General Statutes, such bonds were required to run to the judge of probate.

The statute, section 6, chapter 60, provided: "In all suits upon such bonds the writ and proceedings must be in the name of the judge of probate." Section 2 provided that "a suit may be brought on the bond of any executor or administrator, by any creditor, when the amount due to him has been ascertained, and ordered by the decree of distribution to be paid, if the executor or administrator shall neglect to pay the same when demanded;" and section 7, "on the application of any person authorized by this chapter to commence a suit on such bond, the judge of probate may grant permission to such person to prosecute the same;" and section 6, "when the action is brought for the benefit of any particular person, as creditor, next of kin, or legatee, as provided in this chapter, the execution shall express that it is for the use of such creditor, next of kin, or legatee, and, in such case, the person for whose use the action is brought shall be deemed the plaintiff." So that, while the judge of probate was to be the nominal plaintiff, the real plaintiff was to be the person at whose instance, and for whose benefit, the action was to be brought. The General Statutes, chapter 55, omit the provisions re-

quiring the writ and proceedings to be in the name of the judge of probate; and, by section 1, the bond "may be prosecuted in the name, and for the use or benefit, of any person interested therein;" so that the real plaintiff may be the nominal plaintiff. To the provisions of the General Statutes, as affecting the bringing of suit on this bond, these objections are made: that they were not intended to be retrospective—that is, to apply to bonds executed prior to their passage—and that, if so intended, they impair the obligation of contracts, and are void. It might be doubtful, upon the language of chapter 55 alone, whether it was intended to operate retroactively upon bonds already executed, but chapter 122, General Statutes, repeals the Revised Statutes of 1851, and section 4, chapter 121, in reference to the effect of such repeal, provides: "It shall not affect any act done, or any right accruing, accrued or established, or any proceedings, doings or acts ratified or confirmed, or any action or proceeding had or commenced in a civil cause, before the repeal takes effect; but the proceedings thereon shall, when necessary, conform to the provisions of the General Statutes." This applies the provisions of the statutes to proceedings upon any right accruing, accrued or established, etc., and shows an intention that the proceedings upon a right accrued on a probate bond, as well as upon any other right, should be governed by the provisions of the General Statutes. The change affects only the name of the plaintiff in the writ and proceedings, and not any matter of substance. The liability remains the same; the same defences may be interposed; the same judgment must be rendered. It goes only to the remedy, and not to the obligation, of the contract.

As this action is based on the decree of distribution, and as—if the probate court had jurisdiction to make that decree—the propriety of making it cannot be questioned, collaterally, it is doubtful if notice or want of notice by the commissioners, of the times and places of their meetings to hear claims, can now be called in question.

If the court ordered a dividend to be paid upon any debt not properly allowed by the commissioners, it was error in the decree which might be corrected by appeal from such decree, and probably in no other way. The claims upon which a dividend was ordered were in fact allowed by the commissioners, and they did in fact give some sort of notice, as appears by the record. That they gave the notice, precisely as ordered by the court, does not appear. The object of the notice is to give creditors and the estate an opportunity to be heard, so that the report of the commissioners shall be binding upon the creditors to bar all claims other than such as are allowed, and to bind the estate to pay the claims and amounts allowed. If there is no notice and no appearance before the commissioners by the creditor or the estate, their report will not bind the party not appearing. Either party may waive defect in the notice—the creditor by presenting his claim for allowance, the estate by appearing to attend the hearing. Though full notice or actual appearance is not expressly shown by the record, there is enough to raise the presumption, if it be necessary to support the decree of distribution, that there was either sufficient notice or an appearance before the commissioners by the administrator, the representative of the estate. The decree was made upon his petition, which unmistakably refers to the debts allowed in the report of the commissioners, and which assumes such debts to have been properly allowed.

If the order extending the time for the administrator to file his final account was legally granted, no one can complain of it; if illegally granted, it was a mere nullity and could affect the rights of no one. Certainly the judge of probate could not, by an illegal and unauthorized act, affect the rights of the creditors either as against the estate, the administrator, or the sureties on his bond. But, whether valid or invalid, the order did not relate to the payment of the dividend ordered to be paid, nor affect the duty of the administrator, then perfect, to pay it. The sureties were not thereby released, so far

as concerns this dividend. The statute (Comp. St. *c*. 44, § 38) did not require any notice to authorize the making of a decree for payment of debts and distribution of assets among creditors. *Wood* v. *Myrick*, 16 Minn. 494, was the case of a decree under chapter 46, Compiled Statutes, for the partition and distribution of the estate among heirs, devisees, legatees or next of kin, after the debts had been all paid, and where the statutes required notice before such a decree.

That there were, when the decree was made, unpaid funeral expenses, is at most matter of error or irregularity, which does not affect the validity of the decree in a collateral proceeding.

In *Wood* v. *Myrick*, *ante*, it was decided that in cases of this kind the time for the limitation of the action does not begin to run until a demand has been made and leave to sue granted. We adhere to that decision.

Order affirmed.