## STATE v. EQUITABLE SURETY COMPANY.[1]

April 12, 1918.

No. 20,774.

**Sale of state timber — rescale conclusive as to amount cut.**

1. The state sold timber under a statute which provides for payment on a scale made by the surveyor general, but providing that the state auditor may demand a rescale and that the rescale shall be conclusive as to the amount of timber cut.

**Sale — fixing quantity sold by estimate of official.**

2. Parties may, without authority of any statute, stipulate in a contract of sale, that the quantity of the property sold shall be determined by the estimate of a designated person or official.

**Same — notice of making estimate not to be implied — arbitration.**

3. Notice of the time or place of making the estimate is not required by any rule of law unless contracted for, and a requirement of notice will not be implied. The making of such an estimate is not an arbitration, and the rules as to arbitration do not apply.

**Same — rescale may be impeached for fraud or mistake.**

4. The rescale is subject to impeachment for fraud or mistake, but there is no allegation of either in this case.

**Same — act constitutional — due process of law.**

5. The statute is constitutional. The state may, by statute, fix the terms on which it will sell its timber. When those terms are accepted by a purchaser, their enforcement is not a taking of property without due process of law, nor does the statute fix rules of evidence.

Action in the district court for Ramsey county to recover $5,947.61 upon defendant's bond as surety for J. A. McDevitt, the assignee of a state permit to cut state timber. The facts are stated in the opinion. Plaintiff's motion was granted to strike from the answer the general denial contained therein, as sham and frivolous, and for judgment on the pleadings for the sum of $5,888.62. Defendant's motion for per-

[1]Reported in 167 N. W. 292.

mission to file an amended answer was denied. From the order striking out the general denial in the answer and ordering judgment against defendant on the pleadings, and from an order denying its motion to file an amended answer, defendant appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*Lyndon A. Smith,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

HALLAM, J.

1. Chapter 204, p. 258, Laws 1905 (G. S. 1913, §§ 5258-5302), provides for the sale of timber on state lands. It provides, that in case of sale, a permit shall be issued, executed by the state auditor and signed by the purchaser, authorizing the purchaser to enter and cut and remove the timber (section 5276); that all timber cut shall be scaled by the surveyor general of logs and lumber (section 5283), and that payment shall be made on his scale (section 5294). It is provided, however, that the state auditor may question the correctness of any scale made by the surveyor general and cause a rescale to be made. "The surveyor general shall thereupon appoint one of his deputies, who, together with a state estimator appointed by the auditor * * * shall make a correct scale of all timber embraced in the permit * * * whether the same has been cut and removed, or remains cut or standing on such land * * * Such report, if both such deputy and such estimator agree upon the scale, shall be final and binding upon the state and the purchaser * * * A scale made under this section may be a top and stump scale." Section 5284.

The complaint alleged that a sale of the timber on a certain tract of state land was made to R. Sperling, at certain prices per thousand; that a permit was executed and signed, making express reference to said statutory provisions; that Sperling gave a bond with the Aetna Accident & Liability Company as surety for the faithful performance of all conditions of said permit; that thereafter Sperling sold his rights under said permit to J. A. McDevitt, and McDevitt gave a bond with defendant as surety, conditioned that he should perform all the conditions of said permit; that McDevitt cut and removed the timber and the surveyor general made and reported his scale of timber cut and removed; that subsequently the state auditor received information that this scale was gross-

140 M.—4.

ly inaccurate and served notice on the surveyor general demanding a rescale; that thereupon the surveyor general designated a deputy and the auditor appointed an estimator and these two agreed upon a rescale which showed the timber removed to be approximately three times as much as shown by the surveyor general's scale, and the complaint demanded judgment for the amount as shown by the rescale.

The original answer, after a portion of it had been stricken out, simply alleged that "the true scale was as first returned and made by the surveyor general." The court ordered judgment for plaintiff on the pleadings.

Thereafter defendant moved for leave to file an amended answer. The proposed answer in substance alleged the correctness of the original scale, that the rescale was a stump and top scale and was "incorrect and unreliable," and that it was "impossible to determine with any reasonable or approximate degree of certainty" the number of trees fit for lumber or poles or posts that were cut from any piece of land by a stump and top scale, and that the scalers were, "because of existing conditions and the fact that the timber and its products had been removed * * * unable, and it was in fact impossible for them to correctly, fairly and justly scale, count, estimate, inspect and value the timber that had been cut and removed." The trial court denied the motion on the ground that the proposed answer did not state a defense. Defendant appeals. The trial court held the rescale conclusive upon the parties. Defendant claims the right to go back of the rescale. This is the question in the case.

2. We agree with the trial court. The provisions of the statute authorizing the rescale and making it final as to the amount of timber cut must be read into and considered as part of the contract. See State v. Brooks-Scanlon Lumber Co. 122 Minn. 400, 142 N. W. 717. The real question in the case is, whether the stipulation that the rescale shall be conclusive on the parties is valid. Without authority of any statute, parties may, if they see fit, stipulate in a contract of sale that the quantity of the property sold shall be determined by the estimate of a designated person or official. No public policy forbids this. Leighton v. Grant, 20 Minn. 298 (345) ; Johnson v. Howard, 20 Minn. 322 (370) ; Boyle v. Musser-Sauntry L. L. & M. Co. 77 Minn. 206, 79 N. W. 659. Contracts

of this kind are common in business transactions. A familiar instance is the ordinary form of building contract, by the terms of which the estimate of the supervising architect is made final. Such provisions are universally sustained. Trainor v. Worman, 33 Minn. 484, 24 N. W. 297; Kihlberg v. United States, 97 U. S. 398, 24 L. ed. 1106.

3. Notice of such an estimate is never required by any rule of law unless the contract so provides. 9 C. J. 770; Korf v. Lull, 70 Ill. 420; James v. Schroeder, 61 Mich. 28, 27 N. W. 850; Norcross v. Wyman, 187 Mass. 25, 72 N. E. 347; Wilson v. York & Maryland Line R. Co. 11 Gill & J. 58; Eldridge v. Fuhr, 59 Mo. App. 44. See also Straw v. Truesdale, 59 N. H. 109, 112. A requirement of notice will not be implied. In this respect, such a case differs from an arbitration where the aid or presence of the parties may be of importance. The function of the scalers is to make an estimate based on their own investigation and judgment. There is no hearing before them. The presence of the parties could not aid them and should not influence them. These distinctions are pointed out in Janney, Semple & Co. v. Goehringer, 52 Minn. 428, 54 N. W. 481.

4. The rescale was doubtless subject to impeachment for fraud, or such mistake as would imply bad faith, or a failure to exercise honest judgment. See St. Paul & N. P. Ry. Co. v. Bradbury, 42 Minn. 222, 44 N. W. 1. There is no allegation of either fraud or mistake. The allegation of correctness of the first scale and of the wide divergence of the rescale does not give rise to the inference of fraud or mistake in the latter, for the answer specifically alleges that the variation was due to another cause, namely, the method prescribed for making the rescale. The case is therefore distinguishable from Dawson v. Northwestern Const. Co. 137 Minn. 352, 163 N. W. 772, where a large discrepancy, not explained, was held some evidence of mistake.

5. Defendant contends that the statute, providing for a rescale without notice to the purchaser and making the rescale final, gives the state the right to take property without due process of law and invades the province of the courts by prescribing what shall be conclusive evidence. We do not agree to this. Similar objections were raised to this statute in State v. Brooks-Scanlon Lumber Co. 122 Minn. 400, 142 N. W. 717, and the statute was sustained. We sustain it now. No constitutional right

is invaded. The state may fix the terms on which it will offer its timber for sale, just as an individual may. It has proposed terms not unlike those employed in private contracts. Buyers may buy or not on those terms. If they see fit to buy and agree to the terms proposed, they cannot complain of those terms.

The statute does not, as defendant claims, fix rules of evidence. See Wigmore, Evidence, 1353. It simply fixes the terms on which alone the state will sell its own property.

Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L.R.A. 777, 12 Am. St. 663, was different. The statute considered made facts of which one might not even have knowledge conclusive evidence against him. Chicago, M. & St. Paul Ry. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 702, 33 L. ed. 970, was different. It dealt with a contract which the appellant had no option to refuse. Vega S. S. Co. v. Consolidated Ele. Co. 75 Minn. 308, 77 N. W. 973, 43 L. R. A. 843, 74 Am. St. 484, was different. The statute considered forced an umpire on appellant without its consent and made his arbitrary action conclusive. Stevens v. Minneapolis F. D. R. Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A.(N.S.) 1018, was different. It was simply held that a power given to trustees of an association, acting in a quasi-judicial capacity, to determine a matter affecting vested rights must be construed in the light of the legal right of parties in that kind of a proceeding to notice and an opportunity to be heard.

Order affirmed.