## STATE v. AETNA CASUALTY & SURETY COMPANY.[1]

April 12, 1918.

No. 20,825.

**Sale of state timber — assignment of permit by purchaser — action on assignee's bond.**

1. On issuance of a permit to a purchaser of state timber, the state takes a bond from the purchaser to secure the price. If the permit is assigned, it takes another bond from the assignee for the same purpose and keeps the original bond in force. The state is not required to exhaust its remedy on the second bond before resorting to the first.

**Same — separate action on each bond.**

2. Separate actions on the bonds may be maintained.

Action in the district court for Ramsey county to recover $5,947.61 upon defendant's bond as surety for J. A. McDevitt. Defendant demurred to the complaint on the ground that the Equitable Surety Company of St. Louis was a necessary party to the action. The demurrer was overruled, Haupt, J. Upon the complaint and answer and affidavits of plaintiff's officers, its motion to strike out the answer as false and sham and for judgment against defendant in the amount demanded was granted, Dickson, J. By stipulation the amount of the judgment was reduced to $4,200. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*C. M. Bracelen* and *Hoke & Bauers,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

HALLAM, J.

The facts applicable to this case are stated in the opinion in State v. Equitable Surety Company, which precedes this on page 48. Some of the issues are the same as in that case. Two other issues are raised:

[1]Reported in 167 N. W. 294.

1. Defendant was surety on the bond of Sperling to whom the timber permit was issued. The Equitable Company was surety on the bond of his assignee. The statute provides that, when a permit is assigned and another bond given by the assignee, the original bond remains in full force. G. S. 1913, § 5279. Defendant claims that the last bond becomes the primary security and that no suit can be maintained on the first bond until the second bond is exhausted. Whatever may be the relation between the sureties, they were both severally liable to plaintiff, and we know of no principle on which it can be said that the creditor must exhaust his remedy against one before he pursues the other.

2. Defendant demurred to the complaint on the ground of defect of parties, alleging that the Equitable Surety Company should be made a defendant. The Equitable Surety Company was obligated on a different bond as surety for the performance of an obligation by a different principal. We have not before us the question whether the court might, under its broad power to bring in parties, order the Equitable Surety Company brought into the case, but only the question whether plaintiff's complaint is demurrable because of its nonjoinder. Clearly it is not. Had the two surety companies been severally liable on the same bond plaintiff would have had the right to sue either one separately. G. S. 1913, § 7683. It had the undoubted right to sue separately these two companies liable on separate instruments.

Judgment affirmed.