## FRED POPE v. SUSAN HOEFS.[1]

July 5, 1918.

No. 20,899.

**Principal and surety — execution by surety — parol evidence of agreement with principal.**

Where a person signs a joint note, at the request of the principal debtor, he may, in the absence of any understanding with a prior surety to the contrary, stipulate with the principal and make it a condition of his signing, that he signs only as surety to those signing prior to his signing; and such fact may be shown by parol evidence without being subject to objection as hearsay.

Action in the district court for Le Sueur county to recover $913.12 upon a promissory note executed by plaintiff and defendant and paid by plaintiff. The facts are stated in the opinion. The case was tried before Tifft, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $986.23. From an order denying her motion for a new trial, defendant appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Thomas Hessian,* for respondent.

[1]Reported in 168 N. W. 584.

QUINN, J.

This action was brought to compel contribution, upon the ground that the parties hereto were cosureties on a note, joint and several in form, for $3,722.33, executed by them on December 19, 1912, and payable on demand to the First State Bank of Le Sueur Center. No consideration passed to either of the makers of the note, but the full amount thereof was paid by the bank for a stock of merchandise purchased in the name of the plaintiff for his brother, William Pope, who at the time of the purchase went into possession of the same, and sold at retail therefrom for a number of months. He then disposed of the balance of the stock in bulk. From the proceeds of such sales he made payments on the note referred to so that on April 15, 1914, there was due thereon a balance of $1,636.91, which amount the plaintiff paid to the bank. This action was brought by the plaintiff to recover one-half of the amount so paid, with interest, from the defendant as cosurety on the note. Plaintiff recovered a verdict and from an order denying her motion for a new trial defendant appealed.

It is the contention of the plaintiff, that both he and the defendant signed the note in question as accommodation makers for William Pope, and that the proceeds of the note went entirely to the payment of the stock of goods referred to. The defendant admits in her answer the execution of the note, but alleges that she signed the same as surety for and at the request of the plaintiff and that the plaintiff received all of the consideration for said note.

The parties live upon farms several miles apart. Neither was present when the other signed the note. The plaintiff never requested defendant to sign the note. There was a dispute as to which signed first. The cashier of the bank and Mrs. William Pope, a sister of the defendant, took the note out to defendant's home where she signed it. At the trial defendant offered parol testimony to show in what capacity she signed the note, claiming that the plaintiff had signed the same as principal and that she signed as surety for him. She was asked to state what was said at the time she signed the note as to whether she was to sign as surety or otherwise. This class of testimony was excluded upon the objection that the same was incompetent, immaterial, hearsay and not binding upon the plaintiff, having been said in his absence.

If, as contended by plaintiff, the loan from the bank was for William, and the plaintiff merely signed as surety for him, then what was said between the payee and the defendant at the time she signed was competent evidence, as part of the res gestae. Bobbitt v. Shryer, 70 Ind. 513. Again, if, as claimed by the defendant, the plaintiff had signed the note prior to the time it was presented to her for her signature, without any representation, that would have been equivalent to a representation that plaintiff had signed as principal. It is a well settled rule·that where one signs a joint note at the request of the principal debtor, to enable him to use it as intended, he may, without the knowledge of a prior surety and in the absence of any understanding with him to the contrary, stipulate with the principal debtor or the payee and make it a condition of his signing that he signs as surety of the prior parties. Oldham v. Broom, 28 Oh. St. 41. And such fact may be shown by parol evidence. Melms v. Werdehoff, 14 Wis. 19.

We are of the opinion that the testimony which was excluded should have been received and that a new trial should be granted.

Reversed.