# BARTLES-SCOTT OIL COMPANY v. WESTERN SURETY COMPANY.[1]

### December 5, 1924.

### No. 24,309.

**Lubricating oil and gasolene "materials" within public contractor's bond.**
1.   The contractor's bond securing performance of a contract for the construction of a highway and conditioned for the payment, among other things, for "materials under or for the purpose of the contract," covers lubricating oil used by the engine furnishing power for the excavation of gravel, and lubricating oils and gasolene used by the motor trucks in transporting the gravel for the pit to the embankment.

**Surety on statutory bond may be sued alone.**
2.   The surety on the statutory bond may be sued alone, without joining his principal.

Action in the district court for Kandiyohi county to recover $686.73.   From the judgment, Qvale, J., following an order over-ruling its demurrer to the complaint, defendant appealed.   Affirmed.

*Kirby, Kirby & Kirby,* for appellant.

*R. W. Stanford,* for respondent.

[1]Reported in 200 N. W. 937.

STONE, J.

This appeal from a judgment following an order overruling defendant's demurrer to the complaint, presents the single question as to whether lubricating oil used by a steam engine in the gravel pit, and gasolene and lubricating oils used by motor trucks in transporting the gravel to its place in embankment are "materials under or for the purpose of the contract" within the meaning of a public contractor's bond using that language and given to secure the performance of a contract for the construction of a public highway.

In these days when public works could not go on as they do without the aid of engines, particularly those of the internal combustion variety, it would seem, even as a matter of first impression, too clear for argument that lubricating oils and gasolene, used for the engines of excavation and transportation in constructing a highway, are so clearly "materials under or for the purpose of the contract" as to negative the necessity for discussion.

The question is not now one of first impression. In principle, it has been considered and disposed of here and is no longer open. In Fay v. Bankers Surety Co. 125 Minn. 211, 146 N. W. 359, Ann. Cas. 1915C, 688, it was decided that coal used to generate the necessary power for the excavation of a public ditch was one of the "materials" covered by the bond. The reasoning was that power must be generated in such operation, and that "it is sufficient if the materials be reasonably incident to the performance of the particular contract." That rule has received its latest application in Hansen v. Remer, 160 Minn. 453, 200 N. W. 839, and is decisive in this case. Mechanical labor being as necessary, economy considered, as manual effort, there is no reason why its fair cost should not be covered by the bond. The energy to prepare and get them into place being as necessary to proper construction as the physical elements of which the structure is fabricated, there is no reason why the materials consumed in producing the energy are not as such "under or for the purpose of the contract" as those which remain in the completed work. The opposite conclusion would be illogical, unfair in its discrimination between contributors to public accom-

plishment, and a perversion of the plain purpose of contractors' bonds and the statute requiring them.

There is no objection to the complaint on the other ground of demurrer, that there is a defect of parties defendant because the surety was sued alone without joining the principal. The bond is the joint and several obligation of the principal and his surety, this defendant. Section 7683, G. S. 1913, provides that "persons severally liable upon the same obligation * * * including * * * sureties on the same instrument, may all or any of them, be included in the same action, at the option of the plaintiff." This statute alone disposes of the matter, but see also Lanier v. Irvine, 24 Minn. 116; Steffes v. Lemke, 40 Minn. 27, 41 N. W. 302; State v. Aetna Casualty & Surety Co. 140 Minn. 70, 167 N. W. 294.

Defendant having elected to stand on its demurrer, the judgment appealed from is right and must be affirmed.

It is so ordered.