## DIEDRICH DEDEN v. ED GROSSE AND ANOTHER.[1]

February 5, 1932.

No. 28,707.

*Thomas Mohn* and *Horace W. Mohn,* for appellant.
*Arthur E. Arntson,* for respondent.

STONE, J.

Action for contribution by one of two accommodation makers of a promissory note against the other. There were findings and an order for judgment against defendant Grosse, who appeals from the order denying his alternative motion for amended findings or a new trial. Plaintiff is the father and defendant the father-in-law of Ernest Deden, who was impleaded and voluntarily appeared as a party during the course of the trial.

The principal indebtedness of $6,000, with some additions by way of interest, has been paid by plaintiff because of his liability

[1] Reported in 240 N. W. 909.

on a note to a Red Wing bank which he signed as comaker for the accommodation of his son Ernest. Defendant also was a comaker, as the court found, for the accommodation of Ernest. Under G. S. 1923 (2 Mason, 1927) § 7072 (N. I. L. § 29) an accommodation party "is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." All question of consideration for the note is out of the case. The payee loaned Ernest Deden the money and so furnished consideration for the promises of all three makers. We do not overlook the fact that there were several renewals of the note but consider their history immaterial in view of the decision below.

· Appellant claims that the last note of the series, and all of them for that matter, were signed by him not for the accommodation of Ernest Deden alone but for the accommodation as well of plaintiff, he, appellant, not having signed until after delivery of the paper to the payee. (The effort is to escape liability under the rule of Pope v. Hoefs, 140 Minn. 443, 168 N. W. 584). But the factual basis necessary to sustain that claim is out of the case on the decision below, and there is plenty of evidence to sustain it. Some testimony of defendant himself lends it support. He admits that he was assisting his daughter and son-in-law to borrow money. Furthermore, Ernest Deden testifies to having asked appellant to sign with him the note to the bank. In view of such specific testimony and the whole setting of the case, it is not surprising that the view was taken below that the parties to this appeal, the fathers, respectively, of Ernest Deden and his wife (the latter now deceased) loaned their credit as accommodation makers to help the young couple, in whom they were equally interested. In any event, the evidence in support of that conclusion is of such nature that we should not disturb the result.

■ Appellant is in no position to invoke the rule of the successive liability of parties to a negotiable instrument. 8 C. J. 288. That is now declared by G. S. 1923 (2 Mason, 1927) § 7111 (N. I. L. § 68) to be confined to indorsers, who are "liable prima facie in the order

in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise." The rule has no application to comakers, whose primary liability is concurrent and never successive. An accommodation maker is just as directly liable to a holder for value as the accommodated maker. That appellant's signature appears on the paper under that of respondent is of no controlling effect on their rights as between themselves. The order in which the signatures of the makers of a note appear is immaterial except for its possible evidentiary value on the question whether those who signed last did so for the accommodation of one or more whose signatures precede theirs.

The right to contribution as between accommodation comakers arises not because of anything in the contract but on extraneous facts giving rise to the appropriate remedy. The obligation is quasi assumptual. 2 Street, Foundations of Legal Liability, 238. There is no right to contribution between successive parties, e. g. maker and indorser or earlier and later indorser. That is because the indorser's liability is contingent on the "faith of the antecedent names," and by payment he entitles himself to "all the rights of an indorser for value, with remedy over for the whole amount paid against the prior parties." 6 R. C. L. 1052. All the makers, both those accommodated and those accommodating, are primarily liable; G. S. 1923 (2 Mason, 1927) § 7236 (N. I. L. § 192). So, as to any one maker, there is no prior party liable to make exoneration. That may be had only from the party accommodated, in this case Ernest Deden.

Order affirmed.