FIRST STATE BANK OF KENSINGTON v. OLAF BRAATEN.[1]

May 10, 1940.

No. 32,311.

*Leach & Swore,* for appellant.
*Frank J. Zima,* for respondent.

STONE, JUSTICE.

Suit by payee against maker of a promissory note. The verdict was for defendant. There was no motion for new trial. Plain-

[1]Reported in 292 N. W. 20.

tiff's motion for judgment notwithstanding the verdict denied, it appeals from the judgment for defendant. That requires us to consider only whether there is evidence to sustain the judgment. Taylor v. Northern States Power Co. 196 Minn. 22, 264 N. W. 139.

The single issue is whether the evidence sustains the defense of conditional delivery with condition unperformed, so that the note never went into effect as a contract.

In January, 1927, defendant's brother-in-law, Carl J. Hogy, borrowed $900 from plaintiff on a note signed by Hogy, with defendant as accommodation comaker. Beginning with November 4, 1927, there were nine renewals. The evidence indicates that all along the intention of all parties, plaintiff and the two makers, was that both the latter should sign.

The last note is the one sued upon and bears date of December 30, 1935. In the meantime, Hogy had paid most of the interest, and defendant, in January of 1935, had contributed $350 to apply on principal.

When the note was given, in December, 1935, it is defendant's testimony (as it is also concerning several of the earlier notes which he may have signed ahead of Hogy) that the "banker," acting for plaintiff, in asking defendant to renew the note, said he would "get Carl [Hogy] in to sign, take it out of Carl"; and that defendant, in signing, relied upon the promise to "bring Carl in and have him sign"; and that he would not have signed had it not been for the promise. He freely admits that he had signed some of the earlier notes before Carl had signed, but in reliance upon the same sort of promise.

1. The theory of trial seems to have been that it was enough to establish his defense that defendant signed the note upon the false representation of the cashier that he would later get Hogy to sign and that defendant relied upon that promise. There is no suggestion that, if such representation was made by the cashier, he did not intend to perform it. If the case stopped there, plaintiff would necessarily prevail as matter of law because of lack of evidence that the note was delivered only upon the condition

that it would not be effective as a contract until Hogy had signed. Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139.

2. But the somewhat erroneous theory of trial in no way affects our duty to sustain the verdict and judgment if there is evidence to sustain them. We think there is. Defendant is a farmer, and the oral promises he makes or procures from others are not to be unduly limited by technical niceties of construction. Substance, rather than form, must control. At this point the case becomes close because the evidence does not expressly show a delivery of the note upon the condition that it would not take effect as a contract until the additional signature was procured. However, we consider the inference reasonable that defendant's intention was that the note should not take effect as such until Hogy signed and also that the banker who procured the renewal note, and who was familiar with the whole transaction, understood such to be defendant's intention. Towle-Jamieson Inv. Co. v. Brannan, 165 Minn. 82, 205 N. W. 699.

As an accommodation maker, defendant was primarily liable on the note. 2 Mason Minn. St. 1927, § 7072 (N. I. L. § 29). See Deden v. Grosse, 185 Minn. 278, 240 N. W. 909. But, notwithstanding, between defendant and Hogy the debt was exclusively the latter's. That feature makes it easily believable that defendant would not sign any renewal note without being assured that the accommodated party would also sign and that without the latter's signature defendant would not be bound.

Judgment affirmed.