ADOLPH SKOGBERG AND ANOTHER v. RUTH E. HJELM.[1]

December 19, 1941.

No. 32,914.

*Andrew G. Cooper* and *Walter J. Welch,* for appellants.
*Sanborn & Andre,* for respondent.

LORING, JUSTICE.

This is an action based on a promissory note for $500 dated September 1, 1936, payable to one Vie A. Baxter or order, and signed by defendant. The blank spaces provided for the insertion

[1]Reported in 1 N. W. (2d) 599.

of the maturity date and interest rate were not filled in. The jury found for defendant, and plaintiffs appeal from the order of the trial court denying their alternative motion for judgment or a new trial.

Plaintiffs, brothers of Vie Baxter, after offering in evidence the note and two decrees of distribution showing them to be owners of the note, rested. Defendant admitted that she received $500 from Vie Baxter during the summer of 1936 and that she signed the note and sent it to her in September of that year. However, she claims that the money constituted a gift that was only to be paid back if Vie Baxter herself requested repayment and that in case Vie Baxter died before demand it was not to be repaid. The only direct evidence supporting this claim was testimony by defendant's sister of a conversation to that effect between defendant and Vie Baxter occurring at the time the money was transferred. That, plus a letter from one of the plaintiffs to defendant and testimony by both the sister and defendant concerning a conversation between that plaintiff and defendant after Vie Baxter's death in which plaintiff referred to his "sister's wishes" comprises the sum total of the evidence defendant relies upon. The latter conversation and the letter are very vague and at best support a very weak inference favoring defendant's version of the claimed arrangement. The conversation between defendant and Vie Baxter was admitted over plaintiffs' objection that it tended to vary the terms of the note. The admissibility of that conversation, as well as the sufficiency of the evidence, is raised on this appeal.

The theory of the defense is that (1) either the money was a gift and the note was without consideration, or (2) the money was consideration for the note and it was given upon a condition that prevents recovery.

■ We feel that defendant's first contention merits little consideration. Assuming that the testimony she relies upon to show a gift was admissible and considering it in a light most favorable to her, it was not sufficient to prove a gift. She admitted receiving $500 from Vie Baxter and that she signed and delivered her

promissory note, unconditional in form, for that amount.

By its very terms, the only evidence throwing any light on the nature of the transfer defeated the claim of gift *inter vivos*, because it tended to show that the money was given on condition and that the transfer was not absolute and complete. Davis v. Kuck, 93 Minn. 262, 101 N. W. 165. No evidence was offered to show that the money was given in contemplation of death, as is required to prove a gift *causa mortis*. Davis v. Kuck, *supra*. Thus defendant failed, as a matter of law, to prove a gift.

■ Defendant's contention that the note was conditional depends upon the admissibility of the conversation between defendant and Vie Baxter. That evidence, offered for this purpose, runs afoul of the well established rule that parol evidence as to a prior or contemporaneous oral agreement cannot be introduced to alter the terms of a written contract. Brown v. Backer, 166 Minn. 50, and cases cited on p. 51, 207 N. W. 20. The note did not contain a due date, but Mason St. 1927, § 7050 (N. I. L. § 7), states:

"An instrument is payable on demand:  *  *  *

"(2)  In which no time for payment is expressed."

Evidence that the note was only to be paid on Vie Baxter's demand and was noncollectible after her death contradicts the statutory interpretation and is inadmissible as it tends to alter the terms of the note by parol. In re Estate of Nygren, 188 Minn. 612, and cases cited on p. 614, 248 N. W. 215.

■ Defendant argues that the condition shown by the evidence comes within the scope of Mason St. 1927, § 7059 (N. I. L. § 16), the pertinent portion of which states:

"As between immediate parties, and as regards a remote party other than a holder in due course,  *  *  *  the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

Plaintiffs do not claim to be holders in due course, but do maintain, and we feel correctly so, that the evidence did not show a conditional delivery within the purport of § 7059. Generally speaking, this court has confined itself to the plain meaning of the language of the statute, though some of the cases discussing conditional delivery of negotiable instruments fail to mention § 7059.

Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641, 642, was a suit on two demand promissory notes. The court refused evidence showing that the parties had agreed at the time the notes were given that the defendant would not be held liable until certain other notes were exhausted. In discussing the conditional delivery doctrine, the court said (p. 456):

"The essence of that doctrine, as has been frequently pointed out, is that the proposed evidence tends to show that no contract was ever made, that its obligation never commenced. It is clear that evidence to support the pleading in the case at bar could have no such tendency. It would tend to prove a condition subsequent, as distinguished from a condition precedent; it would plainly tend to contradict the unambiguous terms of the contract, the direct import and legal effect of which was to make defendant liable on the notes on demand. There is no 'conditional delivery' in the case, but merely an effort, under the guise of that doctrine, which has not been and is not to be extended, to evade the salutary rule which forbids evidence of a prior or contemporaneous oral agreement to contradict, vary or add to the terms of a written contract." (Citing cases.)

The Pulver case is important, not only because the condition there before the court is comparable to the one in the instant case, but also because the opinion clearly reflects the attitude of this court adhered to herein.

It is clear that the principle here discussed applies to all written contracts. Though Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139, was an action by vendors to enforce a contract for the sale

of real estate, the court relied upon negotiable instrument cases in refusing evidence that the contract was not to become effective unless another contract between vendees and a third party was performed by the latter. The court approved and applied the Pulver opinion, stating (p. 420): "Parol evidence is inadmissible to show that a payment promised absolutely in writing was in fact intended to 'depend on condition' (Brown v. Spofford, 95 U. S. 474, 24 L. ed. 508)." *Cf.* Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905; Silliman v. Dobner, 165 Minn. 87, 205 N. W. 696; Kullberg Mfg. Co. v. Smith, 173 Minn. 504, 216 N. W. 249, 218 N. W. 99. We are of the opinion that the evidence in the instant case tended to show a condition subsequent rather than a conditional delivery (condition precedent) and thus was not admissible under § 7059 (N. I. L. § 16).

In Wade v. National Bank of Commerce, 144 Minn. 187, 174 N. W. 889, relied upon by defendant, the maker sought to replevin a promissory note, absolute in form, given to pay for an insurance premium, and was allowed to show an agreement entitling him to recover the note if he was able to secure a more desirable policy in 60 days. That agreement disclosed a condition precedent and is not comparable to the one sought to be proved here. As pointed out in Silliman v. Dobner, 165 Minn. 87, 205 N. W. 696, 697, the Wade case "must not be regarded as an authority for an enlargement or extension of the doctrine of 'conditional delivery.'" See p. 90.

In Towle-Jamieson Inv. Co. v. Brannan, 165 Minn. 82, 205 N. W. 699, defendant, endorser of a note absolute in form, was allowed to show by parol that his signing was conditional on other endorsements never obtained. This evidence, as in the Wade case, showed a condition precedent that prevented the note from ever becoming operative as a legal obligation of the defendant. See American Multigraph Sales Co. v. Grant, 135 Minn. 208, 210, 160 N. W. 676; First State Bank v. Braaten, 207 Minn. 477, 478, 292 N. W. 20.

Defendant also cites Gilbert v. Pioneer Nat. Bank, 206 Minn. 213, 288 N. W. 153, and Drovers Cattle L. & I. Co. v. McGraw, 150 Minn. 50, 184 N. W. 365, 366, as authority for admitting evidence of the condition. In the former case, parol evidence was admitted under § 7059 to show that the negotiable instrument sued upon was delivered for a special purpose and not for transferring property in it. Likewise, in the latter case, though no mention was made of § 7059, the court interpreted the evidence offered as showing that the note "was delivered and held in the nature of a pledge that the agreement would be performed" (see p. 53), which under § 7059 would be for a special purpose. The court also justified admitting the evidence on another theory, stating (150 Minn. 53, 184 N. W. 366):

"As stated in Giltner v. Quirk, 131 Minn. 472, 474, 155 N. W. 760, the evidence is admissible where the note was given as a part of a larger transaction, the facts with reference to which give an independent right to defeat recovery."

This is another exception to the parol evidence rule, established by the early case of First Nat. Bank v. Nat. Marine Bank, 20 Minn. 49 (63). We point this out merely to distinguish the two cases, and do not decide whether § 7059 by its terms excludes other exceptions to the parol evidence rule as far as negotiable instruments are concerned. (The problem was not raised in the Drovers Cattle and Giltner cases.) The evidence in the instant case fails to show that the note was given for a special purpose or was a part of a larger transaction.

The evidence of the prior oral agreement not being admissible, defendant failed to sustain her burden of proof, and plaintiffs are entitled to judgment notwithstanding the verdict.

Order reversed with directions to enter judgment for plaintiffs in the principal sum of the note, with interest and costs.