STATE ex rel. EVANS EQUIPMENT COMPANY et al., Plaintiffs
v.
JOHNSON CONSTRUCTION COMPANY et al., Defendants
and
AMERICAN OIL COMPANY, Defendant and Appellant

(160 N.W.2d 637)

(File No. 10465. Opinion filed August 14, 1968)

**Davenport, Evans, Hurwitz & Smith, Lyle J. Wirt,** Sioux Falls, for impleaded defendant and appellant.

**Agor, Siegel, Barnett & Schutz,** Aberdeen, for defendant and respondent.

ROBERTS, Judge.

The J. D. Evans Equipment Company, Sioux Road, Inc., and Wholesale Tire and Supply Company brought separate actions against Jewett Johnson, an individual doing business as Johnson Construction Company, and the Planet Insurance Company

which had joined defendant Johnson in the execution of performance bonds in the amounts of $94,713 and $19,172. The court pursuant to stipulation consolidated the actions and granted motion of defendant surety to interplead and join as parties twenty-four claimants including the American Oil Company. Trial was to the court and from an adverse judgment American Oil Company appealed.

Defendant Johnson entered into contracts with Brookings County whereby he agreed to do highway construction work on designated highways referred to in the record as the Elkton and Lake Oakwood projects. The contracts and bonds are identical except as to amounts involved. During the performance of these contracts appellant sold and furnished to the contractor gasoline, oil and related products for operation of machinery and equipment on the projects. There was due appellant upon completion of the work the sum of $12,089. The contracts provide that "the Contractor at his own proper cost and expense, shall do all the work and furnish all labor, materials, and equipment and tools necessary to construct in good workmanlike and substantial manner and to the satisfaction of the Owner the construction included in the Proposal."

The conditions of the bonds executed by the contractor as principal and defendant company as surety read as follows:

"This obligation is made for the use of said Obligee and also for the use and benefit of all persons who may perform any work or labor or furnish any material in the execution of the Contract hereinafter mentioned.

"The conditions of the foregoing obligations are such that * * * the said Principal signed and executed a written Contract with said Obligee for Grading of Brookings County Highway Projects * * * included in the Proposal of the Specifications dated 1965 as set forth in detail in the Notice to Bidders, Proposal and Specifications referred to in said Contract, all of which are hereby made a part hereof as if written herein at length.

"NOW THEREFORE, if the said Principal shall well and truly perform, and complete said Contract in accordance with the terms of said Contract, Notice to Bidders, Instructions to Bidders, Proposal and Specifications, and comply with all requirements of law, and pay, as they become due and payable, all just claims for work or labor performed, and material furnished in the execution of such Contract, then this obligation shall be null and void, otherwise it shall remain in full force and effect."

SDC 1960 Supp. 65.0702 had its origin as § 7, Chap. 300, Laws 1939, and provides that whenever a contract is entered into "for the construction of public improvement or the furnishing of any material or labor therefor, the contractor shall be required, before commencing such work, to furnish surety in an amount not less than the contract price, for the faithful performance of such contract, with the additional obligation that such contractor shall promptly pay all persons supplying him with **labor or material in the prosecution of the work** provided for in such contract \* \* \*." SDC 1960 Supp. 28.16 originated as Chap. 135, Laws 1941. The first section of this chapter provides that a person to whom a contract for the construction, repair or improvement of any public highway **by the state or any public corporation** is awarded "shall furnish a performance bond running to the state of South Dakota in an amount not less than the contract price for the faithful performance of such contract, in the form and conditioned as required by the statutes of the state of South Dakota." The chapter contains the provisions (SDC 1960 Supp. 28.1602) that "Every person who has furnished **labor or material in the prosecution of the work** provided for in such contract \* \* \* who has not been paid in full therefor \* \* \* shall have the right to sue on such bond for the amount, or the balance thereof, unpaid at the time of the institution of such suit". The statutes require that the bonds must be conditioned not only for faithful performance of the contract or indemnification of the obligee state or public corporation, but also for payment of persons supplying the contractor with **"labor or material in the prosecution of the work"**. The two undertak-

ings are separate and distinct. The conditions of the bonds herein are substantially in the language of these statutes governing the execution of a bond for the benefit of persons supplying labor or material in the prosecution of a public works contract.

Appellant contends that the fuel, gasoline and oil furnished the contractor and used and consumed by him in performance of the contracts are materials within the meaning of the bonds and the statutes under which the bonds were given. Counsel for respondent, however, argue that these materials furnished the contractor did not enter into and become a component part of the completed work and are not, therefore, within the conditions of the bonds executed pursuant to the statutory requirements.

There appears to be a conflict in the decisions as to whether bonds though similarly worded given by contractors on public works for the protection of laborers and materialmen cover such items as gasoline, oil and related products furnished to the contractor and used in the course of a public construction. 17 Am.Jur.2d, Contractors Bonds, § 67. A contractor's bond should be construed in connection with the contract with which it was executed and the statute requiring it. However, a bond may be conditioned more broadly than the minimum requirements of the statute. If it is sufficiently definite and precise to impose a liability to pay the claims of third parties, the bond furnished to the state or a public agency is an enforceable obligation irrespective of the minimum requirements of the statute and affords a right of action to a person furnishing labor or materials. J. F. Anderson Lbr. Co. v. National Surety Co., 49 S.D. 235, 207 N.W. 53; Western Material Co. v. Enke, 56 S.D. 302, 228 N.W. 385; Thompson Yards, Inc., v. Van Nice, 59 S.D. 306, 239 N.W. 753; State ex rel. Farmers State Bank v. Ed Cox & Son, 81 S.D. 165, 132 N.W.2d 282.

In the case of J. F. Anderson Lbr. Co. v. National Surety Company, supra, where the work contracted for was the construction of a steel bridge, the surety was held liable for materials furnished the principal that did not become a permanent part of the bridge. The obligation of the surety was enforceable,

though not premised upon statutory requirements. The surety was obligated by virtue of the agreement voluntarily assumed to pay any just claim incurred by the contractor "for materials, supplies, tools, appliances  *  *  *  and all other just claims incurred by him or any of his subcontractors in carrying out the provisions of this contract." The coverage of the bond was held to include fuel and oil. The basis of the decision was that the indebtedness so incurred by the contractor was a "just claim incurred  *  *  *  in carrying out the provisions of the contract."

The federal statute known as the Miller Act (40 U.S.C.A. § 270b(a)), enacted in 1935, provides that every person who has furnished **"labor or materials in the prosecution of the work"** under a public works contract shall have a right of action thereon upon fulfilling statutory requirements. In Fourt v. United States for Use of Westinghouse Elec. Supply Co., 235 F.2d 433, the court said: "The Miller Act permits recovery when the materials have been furnished in the prosecution of the work and does not require that the labor or material furnished be actually used or incorporated into contract work." See also Glassell-Taylor Co. v. Magnolia Petroleum Co., 153 F.2d 527 and annotations in 91 A.L.R. 1027 and 79 A.L.R.2d 843. The Supreme Court refused to limit the application of the statute which preceded the Miller Act to materials directly incorporated into the public work. Brogan v. National Surety Co., 246 U.S. 257, 38 S.Ct. 250, 62 L.Ed. 703.

Thus in Glassell-Taylor Company, supra, it was held that the use plaintiff was entitled to recover for gasoline and oil furnished to a subcontractor in the prosecution of work under a federal government contract. The court said: "The construction work which is the subject matter of this controversy was completed, and required the use of trucks, draglines and other heavy equipment. From this it follows that gasoline, diesel oil and lubricating oils were indispensable to the prosecution of the work."

The statutes of this state requiring contractors' bonds, like the Miller Act, include the provision that persons supplying

or furnishing **"labor or material in the prosecution of the work"** shall have right of action under the bond and in other respects are patterned after the federal act. We concur in the construction that materials need not necessarily be incorporated into the contract work and that such items as gasoline, fuel and oil furnished the contractor and used in the prosecution of the work are materials within the coverage of the bonds. See also Franzen v. Southern Surety Co., 35 Wyo. 15, 246 P.30, 46 A.L.R. 496; Bartles-Scott Oil Co. v. Western Surety Co., 161 Minn. 169, 200 N.W. 937; Smith v. Oosting, 230 Mich. 1, 203 N.W. 131; Dial v. Freeto Construction Company, 191 Kan. 401, 381 P.2d 363.

For these reasons judgment for appellant should have been granted against defendant contractor and his surety. That part of the judgment which was the subject of appellant's appeal is reversed and cause remanded for further proceedings consistent with this opinion.

All the Judges concur.